**Donovan Matthew SISNEROS, Petitioner,**

v.

**J.W. BOOKER, Warden, Respondent.**

**Civil Action No. 97–Z–651.**

United States District Court,
D. Colorado.

Nov. 26, 1997.

Howard Alan Pincus, Federal Public Defenders Office, Denver, CO, for Donovan Matthew Sisneros.

Donovan Matthew Sisneros, Florence, CO, pro se.

Mark S. Pestal, U.S. Atty.'s Office, Denver, CO, for J.W. Booker.

### ORDER

WEINSHIENK, District Judge.

The matter before the Court is the Application For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 By A Person In Federal Custody (Petition), filed April 1, 1997. Pursuant to D.C.COLO.LR 72.4, this matter was referred to Magistrate Judge Richard M. Borchers, who filed a Recommendation Of United States Magistrate Judge on October 14, 1997. After discussing the facts and relevant case law, the Magistrate Judge recommended that the Petition be granted. Respondent has filed timely objections to the Recommendation, and both parties have filed supplemental briefs and authority on this matter.

On May 9, 1994, after conviction in this Court of attempted possession with intent to distribute in excess of 500 grams of cocaine, petitioner was sentenced to a term of sixty months imprisonment.[1] Petitioner was initially incarcerated at FCI La Tuna, Texas, where he applied for and was accepted into the Bureau of Prison's (BOP) Residential Drug Abuse Treatment Program (Program). The Program was established pursuant to 18 U.S.C. § 3621(e), which authorizes a scheme for encouraging prisoners with substance abuse problems to undergo treatment. The pertinent language of the statute reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Thus, prisoners convicted of nonviolent offenses may be eligi-

---

1. The Magistrate Judge mistakenly indicated that petitioner also was convicted of conspiracy, and that the drug amount was in excess of fifty grams. This inadvertent error does not affect this decision.

**1376**

ble for a one–year reduction in sentence if they successfully complete a drug treatment program.

The following facts appear undisputed. Before he entered the Program, petitioner was assured by BOP staff at FCI La Tuna that he was eligible for the one–year sentence reduction. In July, 1996, petitioner successfully completed the Program, which consisted of 500 hours of therapy treatment. Upon completion, BOP officials at FCI La Tuna changed petitioner's anticipated release date to reflect a one–year sentence reduction. Subsequently, petitioner was transferred to FPC Florence, Colorado. In January, 1997, petitioner's case manager noticed that petitioner had received a two–point enhancement at his sentencing, pursuant to § 2D1.1 of the U.S. Sentencing Guidelines Manual, because two handguns were present in the car at the time the crime was committed. Consequently, BOP determined that petitioner was statutorily ineligible for the one year sentence reduction because of the requirement that applicants be "convicted of a *nonviolent* offense." Thus, petitioner's sentence reduction was reversed, and the instant Petition was filed.

This issue turns on a matter of statutory construction. The statute does not define "nonviolent." The relevant BOP regulations define its meaning by referring to 18 U.S.C. § 924(c)(3), which sets forth criteria for determining whether a given crime is a "crime of violence." *See* 28 C.F.R. § 550.58 (1995). It appears undisputed that the crime of which petitioner was convicted was a "nonviolent" crime, as defined under § 924(c)(3) and relevant case law. *See, e.g., United States v. Cruz,* 805 F.2d 1464, 1468 n. 5 (11th Cir.1986); *United States v. Arrellano–Rios,* 799 F.2d 520, 523 (9th Cir.1986).

However, BOP has issued § 9 of Program Statement 5162.02, which provides that a drug offense should be considered a "crime of violence" if the offender received a base level enhancement at sentencing for possession of a dangerous weapon during commission of the offense. BOP Program Statement 5162.02, § 9 (July 24, 1995) (amended April 26, 1996). Thus, respondent does not

argue that petitioner was *convicted* of a violent crime as defined under § 924(c)(3). Rather, respondent defends the "violent" classification of petitioner's conviction based solely on the existence of petitioner's two-level sentencing enhancement. Respondent argues that BOP's interpretation of "nonviolent offense," which refers to guideline enhancements, is within its discretion as conferred by the statute.

■ The Court disagrees. First, the Court recognizes that review of BOP action in this area is limited. *See* 18 U.S.C. § 3625 (excluding decisions made under § 3621 from the judicial review provisions of the Administrative Policy Act, 5 U.S.C. §§ 554, 555, 701–06). However, administrative "program statements" are afforded less deference than regulations because they are "merely internal guidelines [that] may be altered by the Bureau at will." *Koray v. Sizer,* 21 F.3d 558, 562 (3d Cir.1994), *rev'd on other grounds sub nom., Reno v. Koray,* 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). In addition, on this question of statutory interpretation, no deference is due where the agency's "interpretation is ... in conflict with the plain language of the statute." *National R.R. Passenger Corp. v. Boston & Maine Corp.,* 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52 (1992); *see also Downey v. Crabtree,* 100 F.3d 662, 666 (9th Cir.1996) (BOP's interpretation of statute is subject to judicial review).

■ Here, it appears that such a conflict exists. Section 3621 plainly allows eligibility for persons "convicted of a nonviolent offense." Section 9 of the Program Statement purports to look past the conviction, however, and determine whether a weapon was involved, regardless of the conviction. Admirably, BOP's Program Statement attempts to take a more comprehensive view of whether a prisoner constitutes a risk of violence, which arguably furthers the important policy of weighing early release against concerns for public safety. Nevertheless, BOP may not rewrite the statute. Congress is presumed to mean what it says, and BOP's interpretation of § 3621 abrogates the word "convicted." [2]

---

2. The Court is well aware of the circumstances surrounding petitioner's crime, and is satisfied

that petitioner does not present a risk of vio-

This is a matter of first impression in this Circuit. Other Circuits considering this precise issue are split.[3] *See Roussos v. Menifee,* 122 F.3d 159, 162–164 (3d Cir.1997); *Downey v. Crabtree,* 100 F.3d 662, 668–69 (9th Cir. 1996); *but see Venegas v. Henman,* 126 F.3d 760, 1997 WL 637867 (5th Cir. Oct.31, 1997) (interpreting § 9 · as reasonably consistent with § 3621). It appears to the Court that the greater weight of Circuit authority and the more persuasive reasoning holds that § 9 of the BOP Program Statement conflicts with the plain language of 18 U.S.C. § 3621. *See Roussos,* 122 F.3d at 163.

Respondent also argues that petitioner failed to exhaust his administrative remedies in this matter. The Magistrate Judge opined that this matter constitutes an exceptional case where the pursuance of administrative remedies would be futile, and thus unnecessary. *See McCarthy v. Madigan,* 503 U.S. 140, 144–46, 112 S.Ct. 1081, 1085–1087, 117 L.Ed.2d 291 (1992) (exhaustion not required when agency has "predetermined the issue before it"); *Fraley v. U.S. Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir.1993) ("Exhaustion is not required if pursuing those remedies would be futile."). Although the Court agrees with the Magistrate Judge, it appears that petitioner has since exhausted his administrative remedies. In the Court's view, exhaustion would have been futile, and this issue is now moot.

■ Finally, the Magistrate Judge recommended, as an alternative ground for relief, that respondent be equitably estopped from denying petitioner his one–year sentence reduction. It is undisputed that BOP staff at FCI La Tuna informed petitioner that he was eligible for the Program. In reasonable reliance on these statements, petitioner applied for, enrolled in, and successfully completed the entire Program. The fact that petitioner was subject to a two–level sentence enhancement was known to BOP all along. In addition, it appears that petitioner abandoned an opportunity to apply for boot camp in reliance on BOP's repeated assurances that he was eligible for the Program's one–year reduction. Moreover, this Court was advised by the Probation Department that BOP informed them that petitioner was eligible for the one–year reduction. This Court would have recommended boot camp but for these representations. *See* Order of Mar. 18, 1997. Although equitable estoppel is rarely applied against a governmental agency, it should be applied under the extraordinary circumstances presented here. *See FDIC v. Hulsey,* 22 F.3d 1472, 1489–90 (10th Cir.1994); *Watkins v. United States Army,* 875 F.2d 699, 706–707 (9th Cir.1989) (affirmative misrepresentation and serious injustice sufficient to apply estoppel against governmental agency).

In short, it appears that but for BOP's improper consideration of petitioner's sentencing enhancement, petitioner would have been granted a one–year reduction in sentence. Indeed, it appears ·that petitioner's sentence had initially been reduced, but was reinstated after BOP applied § 9 of Program Statement 5162.02 to petitioner's circumstance. Section 3621 is explicitly discretionary, and the Court will not unnecessarily encroach on matters expressly left to BOP discretion by ordering petitioner's immediate release. Rather, the Court will order that petitioner be treated as if he successfully completed the Program, without regard to any enhancement received at sentencing. Therefore, it is

ORDERED that petitioner's Application For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 By A Person In Federal Custody, is granted as explained herein. It is

FURTHER ORDERED that BOP immediately reinstate the sentence reduction originally allowed by BOP officials at FCI La Tuna, without consideration of petitioner's sentencing enhancement, in accordance with

---

lence. In fact, the Court previously issued an Order declaring that petitioner is not a violent offender, and specifically Recommended that petitioner be allowed early release under the Program. *See* Order of Mar. 18, 1997. Apparently, this Recommendation went unheeded, prompting the instant habeas petition.

3. Federal district courts outside the Tenth Circuit have considered this issue with mixed results. *See, e.g., Wiggins v. Wise,* 951 F.Supp. 614, 617–20 (S.D.W.Va.1996) (declaring § 9 void as violating the APA); *Pelissero v. Thompson,* 955 F.Supp. 634, 638 (S.D.W.Va.1997) (upholding § 9 as a permissible interpretive rule outside the scope of the APA).

the opinion expressed herein. BOP shall take all further appropriate steps to place petitioner in the position as if his sentence enhancement was never considered. It is

FURTHER ORDERED that the Court will retain jurisdiction over this matter to insure that petitioner's sentence reduction is promptly and appropriately processed. It is

FURTHER ORDERED that respondent file a status report by December 12, 1997, informing the Court what action has been taken to comply with this Order. It is

FURTHER ORDERED that petitioner's Motion For Immediate Release Pending Final Resolution Of This Habeas Corpus Action is denied. It is

FURTHER ORDERED that petitioner's Motion For Immediate Status Conference is moot.