**Kenneth E. HICKS, Petitioner,**

v.

**Joseph M. BROOKS, Respondent.**

**No. Civ.A. 97–D–785.**

United States District Court,
D. Colorado.

Nov. 24, 1998.

Kenneth E. Hicks, Littleton, CO, for Petitioner.

Mark S. Pestal, Assistant U.S. Attorney, Denver, CO, for Respondent.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

This matter is before the Court on Magistrate Judge Richard M. Borchers' October

15, 1997, recommendation that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody submitted *pro se* by the petitioner Kenneth E. Hicks be granted, on the respondent's October 30, 1997, objections to that recommendation, and on the November 12, 1997, notice of supplemental authority the respondent submitted as an addition to the October 30 objections. Mr. Hicks is a prisoner in the custody of the United States Bureau of Prisons (BOP). He currently is incarcerated at the Federal Correctional Institution at Englewood, Colorado.

I must construe liberally the habeas corpus petition because Mr. Hicks is representing himself. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Although I must construe the petition liberally, I should not be the *pro se* litigant's advocate. *Hall,* 935 F.2d at 1110. I have reviewed the file in the instant action and have determined that the habeas corpus petition must be granted for the reasons stated below.

### I. *Background*

On September 9, 1992, a jury convicted Mr. Hicks in the United States District Court for the District of Wyoming of conspiracy to distribute marijuana pursuant to 21 U.S.C. § 846 (Supp.1998). After a subsequent drug quantity hearing, the district court found that Mr. Hicks was responsible for the distribution of 350 to 700 pounds of marijuana and sentenced him on January 7, 1993, to sixty-six months of imprisonment and to four years of supervised release. The calculation of Mr. Hicks' sentence included a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (Supp.1998) for possession of a weapon during commission of the crime. His conviction was upheld on direct appeal. *See United States v. Hicks,* No. 93–8002, 1994 WL 628986 (10th Cir. Nov.10, 1994) (unpublished).

In the instant habeas corpus petition, Mr. Hicks alleges that the BOP is denying him "eligibility to attend" a residential drug treatment program and a sentence reduction pursuant to 18 U.S.C. § 3621(e) (Supp.1998) if he successfully completes the program because the BOP has determined that he was convicted of a crime of violence. *See* Memorandum in Support of Writ of Habeas Corpus at 4. The BOP's determination that Mr. Hicks was convicted of a crime of violence is based solely on the sentencing enhancement for possession of a weapon. Mr. Hicks contends that he was convicted of a nonviolent offense. Therefore, he argues, he should be allowed to enter a residential drug treatment program and should be considered eligible for a one-year reduction in sentence upon the successful completion of the program. In his response to the petition, the respondent maintains that Mr. Hicks was convicted of a crime of violence and is not eligible for a one-year reduction in sentence based upon the two-level enhancement for possession of a weapon at the time of his drug-related offense.

### II. *Analysis*

Section 32001 of the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), codified at 18 U.S.C. § 3621(e)(2)(B), provides as follows:

> Period of custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) does not define nonviolent offense. After the enactment of VCCLEA, the BOP established a regulation, 28 C.F.R. § 550.58 (1995), that disqualified from consideration under § 3621(e)(2)(B) inmates whose current offense is determined to be a crime of violence as that term is defined in 18 U.S.C. § 924(c)(3). *See Fristoe v. Thompson,* 144 F.3d 627, 629 (10th Cir.1998). Section 924(c)(3) then and currently defines the term "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (Supp.1998). Thus, the BOP did not define "nonviolent" but rather defined "crime of violence" by reference to § 924(c)(3) of the criminal code. The BOP then adopted Program Statement 5162.02 for use by its officers and employees in determining what constitutes a "crime of violence."

In section 9 of Program Statement 5162.02, the BOP provides that a conviction, like Mr. Hicks', for an offense under 21 U.S.C. § 846 should be considered a crime of violence if the sentencing court increased the base level for the offense due to possession of a weapon during the commission of the crime. Under the BOP's regulation and its program statement, Mr. Hicks' crime was not a "nonviolent offense" as required by 18 U.S.C. § 3621(e)(2)(B) because of the sentencing enhancement. Therefore, the BOP determined that he was ineligible for the sentence reduction.

In his recommendation, the magistrate judge finds *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997), to be persuasive authority in deciding the case at bar. In *Roussos,* the petitioner was convicted of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. During a search of the petitioner's residence, weapons were found. The trial court treated the weapons as connected with the drug offense and imposed a two-level sentence enhancement for possession of a firearm during a drug trafficking offense. After the petitioner was placed in BOP custody, he completed a drug treatment program in order to obtain a one-year sentence reduction. The BOP, however, denied him eligibility for the sentence reduction because of his two-level sentence enhancement. Petitioner then sought to overturn the BOP's decision through court action.

The United States Court of Appeals for the Third Circuit, looking to the decision in *Downey v. Crabtree,* 100 F.3d 662 (9th Cir .1996), held that:

Roussos, like Downey, has been denied eligibility for sentence reduction under § 3621(e)(2)(B) not because his offense has been classified as a "crime of violence" under § 924(c)(3), but based solely on the Program Statement that categorically declares all inmates with two-level sentencing enhancements for firearm possession ineligible. By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a "nonviolent offense" into a "crime of violence." In other words, the BOP converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations. More specifically, under the rationale of *Downey,* we find the BOP's interpretation of a nonviolent offense in the Program Statement to be in conflict with both 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 and therefore erroneous.

*Roussos,* 122 F.3d at 163.

The magistrate judge agrees with the rationale of *Roussos.* He points out that Congress specifically provided that a one-year reduction is available to a prisoner "convicted of a nonviolent offense." *See* 18 U.S.C. § 3621(e)(2)(B). He notes that Mr. Hicks was not convicted of a violent offense.

The magistrate judge recommends that the habeas corpus petition of Mr. Hicks be granted to the extent that the respondent be directed to consider Mr. Hicks for entrance into a residential drug treatment program and to grant him a one-year sentence reduction if he successfully completes the program. The magistrate judge further recommends that I enter an order prohibiting the respondent from denying Mr. Hicks entrance into the program and from denying him a one-year sentence reduction solely on the basis of the erroneous interpretation that Mr. Hicks was convicted of a violent offense.

After the magistrate judge issued his recommendation, this Court and the United States Court of Appeals for the Tenth Circuit issued decisions that support the magistrate judge's recommendation that Mr. Hicks should be considered for entrance into the program and that he should be considered for a sentence reduction if he successfully

completes the program. In November 1997, in a factually similar case, Judge Zita L. Weinshienk of this Court held that the BOP cannot adopt a program statement denying a one-year reduction in sentence to a prisoner convicted of committing a nonviolent crime whose sentence was enhanced for the possession of weapons. *See Sisneros v. Booker*, 981 F.Supp. 1374, 1375–77 (D.Colo.1997).[1]

In April 1998, the United States Court of Appeals for the Tenth Circuit, citing to *Roussos, Downey,* and *Sisneros,* held that the BOP may not categorically exclude from consideration for early release upon completion of a drug treatment program those inmates convicted of nonviolent offenses whose sentences were enhanced for possession of a weapon. *See Fristoe,* 144 F.3d at 631. Although *Fristoe* is controlling authority in this Court, I must examine its applicability in the instant action because the relevant BOP regulation has been revised and because *Fristoe* did not consider the revised regulation.

In October 1997, the BOP revised 28 C.F.R. § 550.58 to delete its incorporation of the crime-of-violence definition from 18 U.S.C. § 924(c)(3). The current regulation now provides in pertinent part:

(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

. . . .

(vi) [i]nmates whose current offense is a felony . . .

(B) [t]hat involved the carrying, possession, or use of a firearm . . .

28 C.F.R. § 550.58(a)(1)(vi)(B) (1998). By deleting the reference to crime of violence, the revised regulation effectively made that term irrelevant in the context of the drug abuse treatment statute. *Royce v. Hahn,* 151 F.3d 116, 121 (3d Cir.1998). Instead, the revised regulation now simply excludes from consideration for early release inmates convicted of a felony offense that involved the possession of a firearm.

■ The first question before me is whether the revised regulation applies to Mr. Hicks' request that he be considered for admission to a residential drug treatment program and that he be considered eligible for a sentence reduction if he successfully completes the program. I conclude that the revised regulation is applicable because it does not raise ex post facto concerns.

■ The Ex Post Facto Clause provides that "[n]o . . . ex post facto Law shall be passed." The constitutional prohibition against ex post facto laws "applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). The Ex Post Facto Clause specifically prohibits Congress from "retroactively alter[ing] the definition of crimes or increas[ing] the punishment for criminal acts." *Id.* at 43, 110 S.Ct. 2715. Consequently, if the government enacts a regulation that increases the punishment for a crime after the crime has been committed, or, to the same effect, eliminates an early release benefit to which a defendant automatically is entitled at the time of his crime, the Ex Post Facto Clause is violated. *See Lynce v. Mathis,* 519 U.S. 433, 117 S.Ct. 891, 898, 137 L.Ed.2d 63 (1997) (retroactive application of state law eliminating gain time credits "actually awarded" to petitioner "unquestionably disadvantaged the petitioner" in violation of the Ex Post Facto Clause); *Weaver v. Graham,* 450 U.S. 24, 35, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (finding unconstitutional a reduction of an inmate's gain time to which he "automatically [was] entitled . . . for avoiding disciplinary infractions and performing his assigned tasks").

In this case, the 1997 revised version of 28 C.F.R. § 550.58 does not have the effect of making more onerous the punishments that were established at the time of Mr. Hicks'

---

1. In *Sisneros,* the petitioner was assured by BOP staff before he began a drug treatment program that he was eligible for a one-year sentence reduction and only after completing the program did the BOP determine that he was ineligible for a one-year sentence reduction because he had received a two-level sentence enhancement at sentencing. Judge Weinshienk determined that the BOP was estopped from considering the petitioner's sentence enhancement and ordered the BOP to reinstate the sentence reduction he previously had been allowed.

offense. The reduction of sentence afforded by 18 U.S.C. § 3621(e)(2)(B), unlike the gain time credits at issue in *Lynce* and *Weaver*, is not an automatic entitlement. The plain language of § 3621(e)(2)(B) explicitly leaves sentence reductions for qualifying inmates to the discretion of the BOP. *Fristoe*, 144 F.3d at 630; *see also Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir.1997) ("Commission of a 'nonviolent offense' makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks. Eligibility is not entitlement."). Furthermore, the 1997 revised regulation did not alter the BOP's interpretative position in the prior regulation and in the program statement regarding its application of § 3621(e)(2)(B). In short, by excluding Mr. Hicks from consideration for early release under § 3621(e)(2)(B), the 1997 revised regulation does not strip the petitioner of anything to which he previously was entitled or previously had earned in violation of the Ex Post Facto Clause. *See Bush*, 133 F.3d at 458.

■ Having determined that the 1997 revised version of 28 C.F.R. § 550.58 applies to Mr. Hicks, the next question is whether the revised regulation is a valid exercise of the BOP's discretionary authority granted under 18 U.S.C. S 3621(e)(2)(B). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the statute is silent or ambiguous in expressing congressional intent, I must determine whether the agency's interpretation is based on a "permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778.

The intent of Congress in enacting 18 U.S.C. § 3621(e)(2)(B) is clear. The statute refers to a nonviolent offense and does not contemplate the consideration of any sentencing factors. Although the Tenth Circuit decided *Fristoe* based upon the former 28 C F.R. § 550.58 and Program Statement 5162.02, not the 1997 revised regulation, the logic and rationale of *Fristoe* apply to the revised regulation as well.

Reliance on sentencing enhancements . . . conflicts with the plain language of the statute. Section 3621(e)(2)(B) refers to prisoners '*convicted* of a nonviolent *offense.*' (emphasis added). The statute does not permit resort to sentencing factors or sentencing enhancements attached to the nonviolent offense.

. . . .

. . . The eligibility criteria in 18 U.S.C. § 3621(e)(2)(B) refer directly to the offense for which the prisoner was convicted.

*Fristoe*, 144 F.3d at 631.

As the Tenth Circuit and almost every circuit court to address the issue have recognized, "[t]he operative word of [18 U.S.C.] § 3621(e)(2)(B) is 'convicted.'" *Downey*, 100 F.3d at 668; *see also Roussos*, 122 F.3d at 163 ("By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify 'a nonviolent offense' into a 'crime of violence.'"); *Bush*, 133 F.3d at 457 ("[T]he statute speaks of a nonviolent offense while . . . Program Statement [5162 .02] anchors the definition to deeds that do not constitute the offense.") (quotations omitted); *Martin v. Gerlinski*, 133 F.3d 1076, 1080–81 (8th Cir.1998) ("[T]he Program Statement's allowance of consideration of factors that are not part of the offense of conviction is in conflict with the plain language of the statute."); *Byrd v. Hasty*, 142 F.3d 1395, 1398 (11th Cir.1998) ("The statute, 18 U.S.C. § 3621(e)(2)(B), speaks only in terms of conviction."); *but see Venegas v. Henman*, 126 F.3d 760, 763 (5th Cir.1997) (upholding the BOP's discretion to determine whether a particular offense is or is not eligible for consideration), *cert. denied*, — U.S. —, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998).

■ In effect, the BOP has eliminated the definition of crime of violence from the 1997 revised regulation and incorporated into the revised regulation the language of the sentence enhancement for possession of a firearm, language that previously was in Program Statement 5162.02. By so doing, the BOP again has accomplished precisely what *Fristoe* said it may not, i.e., exclude categorically from consideration for early release

upon completion of a drug treatment program those inmates convicted of a nonviolent offense whose sentence was enhanced for possession of a weapon and, once again, convert a conviction for a nonviolent offense into a violent one by considering the sentence enhancement. At least one circuit judge agrees that the 1997 revised regulation conflicts with the statute's plain language:

> By using the phrase 'convicted of a nonviolent offense,' Congress expressly incorporated the statutory elements necessary for conviction under the offense charged, and not conduct unnecessary to the conviction, as a condition of eligibility. However, both the former regulation and the revised regulation allow the BOP to exclude categorically inmates based upon sentencing factors, without regard to the underlying conviction.... This is an obvious contradiction of the plain language of the governing statute.

*Pelissero v. Thompson*, 155 F.3d 470, 478 (4th Cir.1998) (Chambers, J., dissenting). Because the 1997 revised regulation conflicts with the plain language of 18 U.S.C. § 3621(e)(2)(B), the regulation is not entitled to any *Chevron* deference.

### III. *Conclusion*

The revised 28 C.F.R. § 550.58 allows BOP officials to exclude categorically from consideration for sentence reductions inmates such as Mr. Hicks who are convicted of nonviolent offenses based upon sentence enhancements. This violates the unambiguous, statutory language of 18 U.S.C. § 3621(e)(2)(B). Therefore, I find that the BOP has exceeded its authority by interpreting § 3621(e)(2)(B) in a manner inconsistent with the plain language of the statute by categorically excluding inmates from consideration for sentence reductions based upon sentencing factors.

The habeas corpus petition of Mr. Hicks will be granted. The respondent will be directed to consider Mr. Hicks for entrance into a residential drug treatment program and for a sentence reduction if he successfully completes the program. The respondent will be prohibited from denying Mr. Hicks entrance into a program and from denying

him a sentence reduction solely on the basis of the BOP's erroneous interpretation that Mr. Hicks was convicted of a violent offense. Accordingly, it is

ORDERED that the habeas corpus application is granted. It is

FURTHER ORDERED that, for the reasons stated in this order, the Recommendation of United States Magistrate Judge is adopted in part as follows:

(a) The respondent is directed to consider Mr. Hicks for entrance into a residential drug treatment program; and

(b) The respondent is prohibited from denying Mr. Hicks entrance into a program and from denying him a sentence reduction solely on the basis of the BOP's erroneous interpretation that Mr. Hicks was convicted of a violent offense. It is

FURTHER ORDERED that, for the reasons stated in this order, the respondent is directed to consider Mr. Hicks for a sentence reduction if he successfully completes the program. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge is rejected to the extent that it directs the BOP to grant Mr. Hicks a one-year sentence reduction if he successfully completes the program.