**Jeffrey Anthony WHIPPLE, Plaintiff,**

v.

**A. HERRERA, Warden, Defendant.**

**No. Civ.A. 98 N 2608.**

United States District Court,
D. Colorado.

Sept. 30, 1999.

Jeffrey Anthopny Whipple, Florence, CO, pro se.

Paul J. Johns, U.S. Attorney's Office, Denver, CO, for defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

NOTTINGHAM, District Judge.

This matter is before the Court on the "Recommendation of United States Magistrate Judge" filed June 16, 1999. No party has objected to the recommendation. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

ORDERED as follows:

1. The recommendation is ACCEPTED.

2. Petitioner Jeffrey Anthony Whipple's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody is dismissed with prejudice.

3. All other pending motions are DENIED as moot.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

The matter before the court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Jeffrey Anthony Whipple on December 22, 1998. A General Order of Reference under 28 U.S.C. § 636(b)(1)(A) and (B) referred the Petition to the undersigned magistrate judge on January 14, 1999 to issue recommendations on dispositive motions. Respondent filed his "Response to Order to Show Cause and Respondent's Motion to Dismiss Application

for Writ of Habeas Corpus" on April 5, 1999. Petitioner thereafter filed his "Answer in Traverse" on April 28, 1999. The motion to dismiss is ripe for disposition.

## I Background

Petitioner, currently incarcerated at FCI–Florence, Colorado, pleaded guilty to three counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced on July 18, 1994 to eighty-four months in prison, with three years supervised release. (Petitioner's Ex. A)

Petitioner signed an Agreement to Participate in a Bureau of Prisons ("BOP") Residential Drug Treatment Program ("RDAP") on April 3, 1995, while incarcerated at FCI–Tucson. (Respondent's Ex. C) Petitioner was placed on the RDAP wait list on April 7, 1995 and was thereafter transferred to USP–Florence, Colorado, on April 27, 1995. (Respondent's Exs. A, D) Petitioner was advised on August 9, 1995 of his eligibility for participation in the program and for "assignment of a § 3621[ (e) ] release date." (Petitioner's Ex. B; Respondent's Ex. E) On October 17, 1997, Petitioner was transferred to FCI–Florence, a federal institution that offered the program. (Respondent's Ex. A) Petitioner began the program on November 24, 1997 and successfully completed it on September 25, 1998. (Respondent's Ex. D)

On October 9, 1997, while Petitioner was waiting to be transferred to a facility that offered the RDAP, the BOP changed its criteria for determining eligibility for early release under 18 U.S.C. § 3621(e), as set forth in revised 28 CFR § 550.58 and BOP Program Statement 5162.04. On December 19, 1997, Petitioner signed a new Agreement to Participate in a BOP Residential Drug Abuse Treatment Program which states, at p. 3: "I understand that if I have been found eligible for an early release under 18 U.S.C. § 3621(e), *this*

*eligibility is provisional and may change."* (Respondent's Ex. I, attachment B–3) (Emphasis in original.) On January 20, 1998, Petitioner was notified that he was provisionally deemed ineligible for § 3621(e)(2)(B) early release because of his conviction for unarmed bank robbery. (Respondent's Ex. J)

Petitioner claims in his habeas corpus petition that despite having been advised of his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) and having successfully completed the BOP's 500–hour drug abuse treatment program, the BOP has unlawfully retroactively applied 28 CFR § 550.58, as revised in October 1997, and Program Statement 5162.04, to deny him consideration for early release. Petitioner also asserts that the BOP should be equitably estopped from denying him consideration for early release because its application of Program Statement 5162.04 to Petitioner violates the BOP's own policies and because Petitioner had a vested right to early release consideration upon receiving notification of § 3621(e) eligibility in 1995, which he relied upon in enrolling in the RDAP. Petitioner claims that his sentence is being executed in an illegal manner because had he been considered for and awarded early release, he would have been entitled to halfway house placement on December 26, 1998, and an early release date of June 26, 1999. It appears that Petitioner exhausted his administrative remedies prior to seeking federal habeas corpus relief.

## History of BOP Drug Abuse Program

The BOP is statutorily required to provide substance abuse treatment for a federal prisoner whom the BOP determines has a treatable condition of substance addiction or abuse. 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a drug treatment program, Congress enacted subsection (e)(2) of § 3621 as part of the Violent Crime Control and Law Enforcement Act of 1994. Section § 3621(e)(2)(B) provides that a prisoner convicted of a "nonviolent offense" who successfully completes a drug treatment program may have his term of imprisonment reduced by a maximum of one year. The statute does not define the term "nonviolent offense" or specify criteria for awarding early release. The BOP was given the task of developing criteria to determine which inmates would be eligible for early release. *See* H.R.Rep. 103–320, 103rd Cong., 1st Sess. (1993) (stating that 18 U.S.C. § 3621(e)(2)(B) "authorizes the BOP to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the BOP.") On May 25, 1995, the BOP published a regulation implementing the provisions of § 3621(e), 60 Fed.Reg. 27,692, 27,695, codified at 28 CFR § 550.58. The BOP adopted the 18 U.S.C. § 924(c)(3) definition of the term "crime of violence" for purposes of determining what constitutes a nonviolent offense under § 3621(e)(2)(B).[1] Under the regulation, a prisoner whose current conviction was for a "crime of violence", as defined by § 924(c)(3), was excluded from eligibility for early release under § 3621(e)(2)(B).

---

1. The original version of 28 CFR § 550.58 stated, in pertinent part:

   An inmate who completes a residential drug treatment program during his … current commitment may be eligible for early release by a period not to exceed 12 months, … unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3),

   . . . . .

   18 U.S.C. § 924(c)(3) defines "crime of violence" as:

   [a]n offense that is a felony and—
   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On June 26, 1995, the BOP promulgated Program Statement ("PS") 5330.10, *Drug Abuse Programs Manual, Inmate,* "reiterating the rules published in the Federal Register, and providing implementation guidance to staff." (Respondent's Response to Order to Show Cause, p. 8) The BOP thereafter promulgated PS 5162.02, *Definition of Term, "Crimes of Violence",* on July 24, 1995, to assist BOP officers and employees in further interpreting the regulation with respect to the definition of a "crime of violence" as used in 18 U.S.C. § 924(c)(3). PS 5162.02, at Section 9, enumerates federal criminal offenses which the director of the BOP determined were within the purview of the § 924(c)(3) definition, and classified bank robbery as an offense that might be a crime of violence, depending upon the characteristics of the offense as specified in the prisoner's presentence report. (Respondent's Ex. F, pp. 6–7) The FCI–Florence drug treatment program coordinator reviewed Petitioner's presentence report, concluded that Petitioner was eligible for early release under PS 5162.02, and notified Petitioner of his eligibility on August 9, 1995. (Respondent's Ex. E) On April 23, 1996, the BOP issued Change Notice CN–01 to clarify the BOP's definition of "crime of violence" as that term was used in PS 5162.02. (Respondent's Ex. F) The Change Notice added a new Section 11 to PS 5162.02 which provided specific instructions regarding "Bank robbery and Incidental Crimes," 18 U.S.C. § 2113(a). (*Id.*) Section 11 stated:

> With regard to the specific crime of bank robbery, the offense should be considered a crime of violence pursuant to section 924(c)(3) since, due to the circumstances surrounding bank robberies, the offense involves an explicit or implicit threat of force and thus has as an element the 'threatened use of physical force against the person of property of another.'

Respondent states that "inmates nationwide began challenging the regulations and program statements implementing the early release provisions of the drug treatment program" and that "[s]everal appellate courts invalidated select provisions of [PS 5162.02]." (Response to Order to Show Cause, p. 9.) Specifically, several circuit courts of appeal determined that the BOP could not categorically disqualify a prisoner convicted of a nonviolent offense whose sentence was enhanced for possession of a firearm from early release eligibility under § 3621(e). *See, e.g., Fristoe v. Thompson,* 144 F.3d 627 (10th Cir.1998); *Roussos v. Menifee,* 122 F.3d 159, 161–64 (3rd Cir. 1997); *Bush v. Pitzer,* 133 F.3d 455, 457 (7th Cir.1997); *Martin v. Gerlinski,* 133 F.3d 1076, 1079–80 (8th Cir.1998); *Downey v. Crabtree,* 100 F.3d 662, 666–71 (9th Cir. 1996).

Respondent represents that the BOP responded to the controversy regarding its first interpretive regulation by promulgating a revised regulation effective October 9, 1997, 62 Fed.Reg. 53,690 (1997), codified at 28 CFR § 550.58. The revised regulation specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense, have a substance abuse problem, and successfully complete a residential drug abuse treatment program while incarcerated. Notably, the revised regulation omits any reference to § 924(c)(3) and does not attempt to define a nonviolent offense within the meaning of § 3621(e)(2)(B). Instead, the revised regulation categorically excludes certain inmates from early release at subsection (a):

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of prisons, the following categories of inmates are not eligible for early release:
>
> .    .    .    .    .
>
> (vi) Inmates whose current offense is a felony:
>
> (A) that has as an element, the actual, attempted, or threatened use of physical

force against the person or property of another.

. . . . .

PS 5330.10 was contemporaneously amended to mirror the language of the revised regulation (Respondent's Ex. H). Additionally, PS 5162.04 was promulgated on October 9, 1997 to further assist BOP agents and employees in interpreting the revised regulation. (Respondent's Ex. G) The new program statement, which supersedes earlier program statements, enumerates various federal offenses which the Director of the BOP has determined to be crimes of violence (Section 6), and identifies other offenses which the Director has determined may not necessarily be crimes of violence, but which nonetheless render those prisoners ineligible for certain BOP program benefits, including early release under 18 U.S.C. § 3621(e) (Section 7). (*Id.*) One of the offenses listed as a crime of violence is bank robbery under 18 U.S.C. § 2113(a). (*Id.* at p. 7) Section 6.b. of PS 5162.04 states: "With regard to the specific crime of bank robbery [under 18 U.S.C. § 2113(a) ], the offense shall be considered a crime of violence, since the offense involves an explicit or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another." (*Id.*) PS 5330.10 provides that PS 5262.04 applies to inmates on the RDAP wait list, but who were not yet participating in the program as of October 10, 1997. (Respondent's Ex. H, CN–03, p. 2) The BOP applied PS 5162.04 to Petitioner and notified him in January 1998 that he was ineligible for early release based on his conviction for a crime of violence.

## II. Legal Analysis

Habeas corpus relief is only available to Petitioner if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To prevail on his claims, Pe-

titioner must show that he is statutorily entitled to be considered by the BOP for a sentence reduction under 18 U.S.C. § 3621(e). Further, although 18 U.S.C. § 3625 precludes a court from reviewing the BOP's substantive decision in a particular case, the court may determine whether the BOP exceeded its statutory authority in interpreting 18 U.S.C. § 3621(e) through its rules and regulations. *Fristoe,* 144 F.3d at 630–31.

Petitioner raises the sole issue of whether the BOP unlawfully applied, or is equitably estopped from applying, the revised regulation and PS 5162.04 to render Petitioner ineligible for a sentence reduction after he had been notified by the BOP two years earlier of his eligibility for early release pursuant to PS 5162.02. *See* Petitioner's Answer in Traverse, pp. 1–2. The government argues that the habeas petition should be dismissed because the BOP properly applied the revised version of 28 CFR 550.58 and PS 5162.04 to Petitioner and determined that he was ineligible for a sentence reduction under § 3621(e) because of his conviction for a violent crime.

### A. *Retroactive Application of Regulation and Program Statement*

Petitioner contends that under *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.1997), the BOP cannot retroactively apply 28 CFR § 550.58(1)(a)(iv)(A) and PS 5162.04 to render him ineligible for early release because the BOP previously notified Petitioner that he was eligible for early release and he was on the RDAP wait list at the time the new regulation and program statement were promulgated.

In *Cort,* appellants were federal prisoners serving sentences for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). On July 11, 1995, the BOP notified appellants that they were eligible for a sentence reduction under 18 U.S.C. § 3621(e). On April 23, 1996, the BOP issued Change

Notice CN–01 to clarify the definition of "crime of violence" used in PS 5162.02. PS 5162.02 stated that bank robbery may or may not be a crime of violence depending upon the underlying characteristics of the offense. The Change Notice provided that the crime of bank robbery under 18 U.S.C. § 2113(a) should be considered a crime of violence. Two weeks later, the BOP notified appellants that they were ineligible for early release pursuant to the Change Notice. Appellants thereafter successfully completed the drug treatment program and sought habeas corpus relief challenging the BOP's revocation of their eligibility for a sentence reduction under § 3621(e). The Ninth Circuit held that Change Notice CN–01 could not be retroactively applied to prisoners who had entered the substance abuse treatment program or had received a favorable eligibility determination as of the date of the Notice's issuance. *Cort,* 113 F.3d at 1086–1087. The court concluded that the BOP was bound by its initial determinations that the appellants were statutorily eligible for sentence reductions under 18 U.S.C. § 3621(e)(2)(B). *Id.* The Ninth Circuit further recognized, however, that the BOP retained discretion to grant early release. *Id.* at 1087.

◼ Before a prisoner can prevail on his claim that a BOP rule or regulation was erroneously applied retroactively to render him ineligible for a sentence reduction, he must show that he was legitimately eligible for a sentence reduction at the time the BOP notified him of his eligibility. *Royal v. Tombone,* 141 F.3d 596, 601–602 (5th Cir.1998). Thus, Petitioner's reliance on *Cort* for the proposition that the BOP is bound by its initial eligibility decision is unavailing unless he was legitimately eligible for a sentence reduction under § 6321(e) in August 1995.

◼ In 18 U.S.C. § 3621(e)(2)(B), Congress provided that an inmate convict-

ed of a nonviolent offense may have his sentence reduced by the BOP for not more than one year. Thus, the statutory language automatically excludes inmates convicted of a violent crime from eligibility for early release, but grants discretion to the Director of the BOP to determine which of those nonviolent offenders will actually be awarded early release. Because Congress did not expressly define "nonviolent offense" in the statute, the BOP has promulgated regulations and informal rules to interpret that term. Where a statute is ambiguous, an agency's interpretation of a statute by formal regulation is entitled to deference if the agency's interpretation is based on a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the agency's regulatory interpretation is reasonable, it will be given controlling weight unless "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844, 104 S.Ct. 2778. Further, the court will give some deference to an agency's informal interpretation of a statute, such as a "program statement," if it is a permissible construction of the statute. *Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

◼ The BOP published PS 5162.02 to interpret the term "crime of violence" as defined by 18 U.S.C. § 924(c)(3), and incorporated the § 924(c)(3) definition into the original version of 28 CFR § 550.58 for purposes of determining whether an offense was a "nonviolent offense" under § 3621(e). As an initial matter, the court concludes that the BOP's original regulation, 28 CFR § 550.58, which interprets "nonviolent offense" under § 3612(e) as an offense which does not meet the 18 U.S.C. § 924(c) definition of "crime of violence," is a permissible construction of the statute and is therefore entitled to *Chevron* deference. *See Royal,* 141 F.3d at 603, n. 6 (noting that Fifth Circuit had previously

determined that BOP's incorporation of the § 924(c)(3) definition of "crime of violence" in § 550.58 is a reasonable interpretation of § 3621(e)); *LaSorsa v. Spears*, 2 F.Supp.2d 550, 557 (S.D.N.Y.1998) (concluding that BOP's incorporation of the § 924(c)(3) definition of "crime of violence" in § 550.58 is a reasonable interpretation of § 3621(e)).

The program statement published by the BOP to assist BOP employees in determining what offenses should be classified as "crimes of violence" under § 924(c)(3) is more problematic. PS 5162.02 provided that the crime of bank robbery may or may not be a crime of violence under § 924(c)(3) depending upon the underlying characteristics of the offense as set forth in the prisoner's pre-sentence report. The offense of bank robbery is committed when an individual "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a). The Tenth Circuit has defined "intimidation" as an act that is "reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." *United States v. Lajoie*, 942 F.2d 699, 701, n. 5 (10th Cir.1991).

The BOP's interpretation that bank robbery may or may not be a crime of violence is at odds with the plain language of § 924(c)(3) which states that a crime of violence is a felonious offense that *has as an element* the "use, attempted use, or

threatened use of physical force against the person or property of another." Because the offense of bank robbery has as an element "the use, attempted use, or threatened use of physical force against the person or property of another" the offense is a crime of violence as defined by 18 U.S.C. § 924(c)(3). The former program statement's interpretation that an inmate convicted of bank robbery might be eligible for a sentence reduction under § 3621(e) conflicts with the plain language of § 924(c)(3), and with the language of its interpretive regulation, 28 CFR § 550.58. The court thus finds that the agency's interpretation is erroneous as a matter of law.[2] *See Royal*, 141 F.3d at 602 (concluding that PS 5162.02 was an impermissible construction of § 924(c)(3) because bank robbery is a "crime of violence" under § 924(c)(3)); *see, also, Sisneros*, 981 F.Supp. at 1376 (citing *Nat. R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 417, 112 S.Ct. 1394, 118 L.Ed.2d 52 (1992)) (stating that no deference is due where the agency's interpretation contravenes plain statutory language).

The court's conclusion that the BOP contravened its own interpretative regulation by classifying bank robbery as an offense which may or may not be violent is bolstered by the Tenth Circuit's decision in *Martinez v. Flowers*, 164 F.3d 1257 (10th Cir.1998). In *Martinez*, the court upheld the BOP's promulgation of the language in the original and revised versions of 28 C.F.R. § 550.58 which excludes from eligibility for early release under § 3621(e) those inmates who have *prior* convictions for violent crimes, specifically, "homicide, forcible rape, robbery, or aggravated assault." *Id.* at 1259–60. It is not a reasonable construction of § 3621(e)

---

**2.** In *Cort,* the Ninth Circuit noted that case law in that circuit construed bank robbery under 18 U.S.C. § 2113(a) as a crime of violence, but nevertheless held that the BOP was bound by its initial determination, under PS 5162.02, that the appellants, who had been

convicted of bank robbery, were eligible for a sentence reduction under 18 U.S.C. § 3621(e). This court agrees with the Fifth Circuit Court of Appeals that the Ninth Circuit's resolution of the issue was incorrect. *See Royal,* 141 F.3d at 601.

to categorically exclude an inmate with a prior robbery conviction from early release eligibility, but allow an inmate with a current conviction for robbery to be eligible for a sentence reduction.

The court concludes that the BOP's determination in August 1995 that plaintiff was eligible for a sentence reduction under § 3621(e) was an impermissible construction of that statute and of the original version of 28 CFR § 550.58 because bank robbery is not a nonviolent offense. Accordingly, the court need not decide whether the BOP may apply the revised regulation and PS 5162.04 to Petitioner retroactively because Petitioner was never eligible for a sentence reduction under § 3621(e).[3] *Martinez,* 164 F.3d at 1259; *see, also, Royal,* 141 F.3d at 602–03 (5th Cir.1998) (holding that because BOP's notification to Petitioner that he was eligible for a sentence reduction was erroneous, his status was not retroactively changed by the application of the new regulation).

### B. *Equitable Estoppel*

■ Petitioner also argues that the BOP should be equitably estopped from revoking his eligibility for consideration for early release because Petitioner had a vested right to be considered for early release upon being notified of his eligibility for a sentence reduction under § 3621(e) and because he successfully completed the drug treatment program in reliance on that notification. Petitioner relies upon *Sisneros v. Booker,* 981 F.Supp. 1374 (D.Colo.1997) in support of his position.

In *Sisneros,* the district court determined that the BOP could not categorically disqualify a prisoner convicted of a nonviolent offense whose sentence was enhanced for possession of a dangerous weapon from early release eligibility under § 3621(e). 981 F.Supp. at 1376–77. The *Sisneros* court alternatively held that the BOP was equitably estopped from denying the Petitioner eligibility for early release consideration because the Petitioner, relying on the initial determination of eligibility, successfully completed the BOP drug treatment program and gave up other sentence reduction opportunities. *Id.* at 1377. The court found that the circumstances presented were extraordinary warranting the application of equitable estoppel against the government. *Id.*

*Sisneros* is distinguishable from the instant action because the petitioner in *Sisneros* had not been convicted of a crime of violence and had forgone other opportunities for early release when he enrolled in the drug treatment program. Petitioner contends that, in reliance upon the notification of eligibility, he enrolled in the RDAP which required him to transfer out of the federal facility in Arizona, where his family lived, to a higher security facility in Colorado, in order to eventually be transferred to FCI–Florence, a facility that offered the RDAP. Petitioner's argument is belied by the fact that he had already taken the steps necessary to participate in the RDAP prior to receiving notification of eligibility for early release. Petitioner enrolled in the RDAP while incarcerated at

---

3. The court notes in passing that 28 CFR § 550.58(a)(1)(vi)(A), under which the Director of the BOP has determined, as an exercise of her discretion, that an inmate whose current offense is a felony that "has as an element, the actual, attempted, or threatened use of physical force against the person or property of another" is not eligible for early release, is a permissible construction of 18 U.S.C. § 3621(e). Further, PS 5162.04, at Section 6, which excludes persons convicted of bank robbery from eligibility for a sentence reduction under § 3621(e), is also a permissible construction of 18 U.S.C. § 3621(e). Respondent correctly maintains that because the offense of bank robbery has as an element the "actual, attempted, or threatened use of physical force, against the person or property of another" the BOP has reasonably interpreted the revised regulation and 18 U.S.C. § 3621(e) to mean that a conviction under 18 U.S.C. § 2113(a) excludes an inmate from early release eligibility.

FCI–Tucson, was placed on the wait list, and thereafter transferred to USP–Florence, which events all occurred prior to his receiving notification of eligibility for early release in August 1995.

■ The application of equitable estoppel against the government is generally disfavored and will not be invoked where the estoppel would frustrate the purpose of a statute expressing the will of Congress. *FDIC v. Continental Illinois Nat. Bank & Trust Co. of Chicago,* 22 F.3d 1472, 1489 (10th Cir.1994). Here, Congress has expressed its intention that inmates convicted of violent offenses shall not be eligible for a sentence reduction under 18 U.S.C. § 3621(e). Because Petitioner was convicted of a violent offense, application of the estoppel doctrine in this case would clearly frustrate the will of Congress. The court thus declines to invoke the doctrine of equitable estoppel to preclude the BOP from denying the Petitioner eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

## III. Recommendation

For the reasons set forth herein, it is

RECOMMENDED that Respondent's Motion to Dismiss Application for Habeas Corpus [filed April 5, 1999] be GRANTED. Petitioner Jeffrey Anthony Whipple's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody should be dismissed with prejudice.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a de novo determination of those portions of the proposed findings or specified rec-**ommendation to which objection is made. **The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

June 15, 1999.