**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WYMAN TAYLOR,

      Petitioner - Appellant,

vs.

UNITED STATES BUREAU OF
PRISONS; KATHLEEN HAWK
DAVIS; PAGE TRUE, Warden, USP -
Leavenworth,

      Respondents - Appellees.

No. 98-3176
(D.C. No. 96-CV-3520-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

      Petitioner-Appellant Wyman Taylor, a pro se litigant, appeals the denial of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He

challenges the Bureau of Prisons ("BOP") determination that he is ineligible for a

sentence reduction under 18 U.S.C. § 3621(e)(2)(B), a statutory provision

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34.1 (g); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

allowing the BOP to reduce a nonviolent offender's sentence by as much as one year for successful completion of a substance abuse program.

On October 27, 1993, Mr. Taylor pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of eighty-seven months in prison. After completing the Comprehensive Drug Abuse Program, he unsuccessfully sought reduction of his sentence under 18 U.S.C. § 3621(e)(2)(B). The BOP declined to reduce his sentence on three grounds: (1) his conviction for being a convicted felon in possession of a firearm constituted a crime of violence; (2) his sentence enhancement for possessing a firearm constituted a crime of violence; and (3) his prior conviction for aggravated assault made him ineligible for a sentence reduction. The district court denied his habeas petition on the first ground alone, holding that the BOP did not exceed its statutory authority or violate the Constitution in defining possession of a firearm by a convicted felon as a "crime of violence."

Because the district court granted Mr. Taylor leave to proceed in forma pauperis, and neither the AEDPA's certificate of appealability requirement, see 28 U.S.C. § 2253, nor the PLRA's obligations under 28 U.S.C. §§ 1915(a)(2) & (b), apply to petitions under 28 U.S.C. § 2241, see McIntosh v. United States Parole Comm., 115 F.3d 809, 810-12 & n.1 (10th Cir. 1997), we proceed on the merits

and affirm.

The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), Pub. L. No. 103-322, 108 Stat. 1824, 1896, includes a provision under which "[t]he period a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing a [residential substance abuse] treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The statute does not define "nonviolent offense." However, the relatively sparse legislative history demonstrates that Congress intended sentence reductions to be "based on criteria . . . established and uniformly applied by the Bureau of Prisons." H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993).

The BOP excludes inmates convicted of violating 18 U.S.C. § 922(g)(1) from consideration under 18 U.S.C. § 3621(e)(2)(B) because it deems possession of a firearm by a felon to be a crime of violence. See 28 C.F.R. § 550.58 (1995), amended by 28 C.F.R. § 550.58(a)(1)(vi)(B) (1998); BOP Program Statement 5162.02. At the time that the BOP denied Mr. Taylor's request, it had adopted a regulation defining "crime of violence" by reference to 18 U.S.C. § 924(c)(3).[1]

---

[1] The BOP subsequently removed the reference to § 924(c)(3), and its regulation now expressly excludes "[i]nmates whose current offense is a felony. . . [t]hat involved the carrying, possession, or use of a firearm" from eligibility for

Under § 924(c)(3), a crime of violence is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A) & (B). Program Statement 5162.02 specifically places § 922(g)(1) violations under the rubric of "Criminal Offenses that Are Crimes of Violence in All Cases."

We review a district court's conclusions of law de novo and its factual findings for clear error in the context of a habeas corpus petition. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, 117 S. Ct. 1703 (1997). Because the Administrative Procedure Act does not apply to 18 U.S.C. §§ 3621-3625, see § 3625, our jurisdiction is limited to determining whether the BOP exceeded its authority in construing § 3621(e)(2)(B), and not whether it erred in Mr. Taylor's particular case. See Fristoe v. Thompson, 144 F.3d 627, 630-31 (10th Cir. 1998). The Program Statement constitutes an informal interpretation of a statute, rather than a formal regulation; thus, it commands deference "only to the extent that it is well-reasoned and has 'power to persuade.'" Fristoe, 144 F.3d at 631 (quoting

---

early release. See 28 C.F.R. § 550.58(a)(1)(vi)(B) (1998). Thus, the issue that Mr. Taylor raises will not recur.

Southern Ute Indian Tribe v. Amoco Prod. Co., 119 F.3d 816, 834 (10th Cir. 1997)).

Mr. Taylor notes that the Program Statement contravenes the well-established case law of several courts. See Davis v. Crabtree, 109 F.3d 566, 569 (9th Cir. 1997) (holding that the BOP exceeded its statutory authority in designating § 922(g)(1) violations as crimes of violence); Miller v. United States, 964 F. Supp. 15, 18 (D.D.C. 1997) (same). For instance, the Ninth Circuit requires the definition of violent crimes under § 3621(e)(2)(B) to comport with its holding that the possession of a firearm by a felon is a nonviolent offense for the purposes of sentencing. See Davis, 109 F.3d at 569 (discussing Downey v. Crabtree, 100 F.3d 662 (9th Cir. 1996)).

Disagreement between the BOP and a court outside the Tenth Circuit does not render the BOP construction unreasonable, however. See Venegas v. Henman, 126 F.3d 760, 764 (5th Cir. 1997), cert. denied, 118 S. Ct. 1679 (1998) (rejecting the Ninth Circuit view that the BOP exceeded its statutory authority in excluding § 922(g)(1) offenders from early release eligibility). Mr. Taylor correctly states that, under the Sentencing Guidelines, possession of a firearm by a convicted felon is not a predicate offense for the imposition of the career offender provision of USSG § 4B1.1. See USSG 4B1.2(a), cmt. (n.2) (defining "crime of violence" under § 4B1.1); Stinson v. United States, 508 U.S. 36, 47

(1993). Yet, his reliance on the definition of crimes of violence under the Sentencing Guidelines ignores the differing rationale behind § 3621. See Venegas, 126 F.3d at 763.

Congress intended § 3621 to offer the possibility of early release as an incentive for inmates to receive substance abuse treatment. See H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993). Based on the linkage of substance abuse and criminality, the legislators believed, "the recidivism rate of substance abusers can be dramatically reduced" by residential treatment programs. Id. Thus, while the Sentencing Guidelines serve the punitive purpose of setting the prison term ex ante, § 3621 was designed to prevent recidivism once the inmate begins serving his sentence. See id. In keeping with § 3621's stated goal, it is reasonable for the BOP to determine which offenses involve "a substantial risk . . . [of] physical force against the person or property of another, " 18 U.S.C. § 924(c)(3)(B), and thus which offenders would pose a threat to the public if released early. We hold that the BOP did not exceed its statutory authority in excluding § 922(g)(1) offenders from the category of nonviolent inmates eligible for a sentence reduction under § 3621(e)(2)(B).

Neither does the denial of Mr. Taylor's request for early release offend the Constitution. A prisoner does not have a constitutional right to the reduction of a valid sentence. See Greenholtz v. Inmates of Nebraska Penal & Correctional

Complex, 442 U.S. 1, 7 (1979); Fristoe, 144 F.3d at 630. Because §

3621(e)(2)(B) states that the BOP *may* reduce a nonviolent offender's prison term,

Mr. Taylor has no liberty interest in being released before his sentence has

expired. See Ohio Adult Parole Authority v. Woodard, 118 S. Ct 1244,

1247(1998) (Rehnquist, J., plurality opinion) (stating that clemency is a matter of

grace committed to the discretion of the executive); Fristoe, 144 F.3d at 630 ("A

statute which allows the decisionmaker to deny the requested relief within its

unfettered discretion does not create a constitutionally-recognized liberty

interest."). Consequently, Mr. Taylor lacks a valid due process claim. Nor can he

convince us that the BOP's refusal to grant him early release violates his right to

equal protection, for although the Ninth Circuit has taken a different view of the

BOP's authority, "[i]t is elementary that decisions of one Court of Appeals cannot

bind another." Id. (quoting Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.

1979)).

Finally, we note that, even if the BOP had exceeded its discretion in finding

that a § 922(g) violation is a crime of violence, Mr. Taylor would not have been

eligible for early release because he had a prior conviction for aggravated assault.

See 28 C.F.R. § 550.58(a)(1)(iv).

For the foregoing reasons, the district court's denial of Mr. Taylor's

petition for a writ of habeas corpus is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

98-3176, <u>Taylor v. Bureau of Prisons</u>

**HENRY**, Circuit Judge, concurring.

I concur in the judgment. I am not convinced that, in defining a "crime of violence" to include possession of a firearm by a felon, the BOP's Program Statement 5162.02 is "well-reasoned and has power to persuade," <u>Fristoe</u>, 144 F.3d at 631 (quoting <u>Southern Ute Indian Tribe v. Amoco Prod. Co.</u>, 119 F.3d 816, 834 (10th Cir. 1997)). Nevertheless, I agree with the majority that it was reasonable for the BOP to deny Mr. Taylor's request for a sentence reduction on the basis of his prior conviction for aggravated assault.