Martin RODRIGUEZ, Petitioner,

v.

Al HERRERA, Respondent.

Kenneth I. Woodard Petitioner,

v.

Al Herrera, Warden, Respondent.

Nos. Civ. A. 99–K–1144,
Civ. A. 99–K–876.

United States District Court,
D. Colorado.

Oct. 26, 1999.

Martin Rodriguez, Florence, CO, pro se.

Kenneth I. Woodard, Florence, CO, pro se.

Paul J. Johns, Assistant U.S. Attorney, Civil Division, Denver, for Respondent.

## ORDER ON HABEAS CORPUS PETITIONS

KANE, Senior District Judge.

Before me are two *pro se* habeas corpus petitions filed by federal Bureau of Prisons (BOP) inmates under 28 U.S.C. § 2241. Petitioners were both convicted on drug charges under 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and both have participated in the Bureau of Prison's Residential Drug Abuse Program (RDAP) while in prison. Each is projected for release from prison in mid–2000. I treat the Petitions together as they raise identical issues of statutory and regulatory construction for my review.

Petitioners challenge the BOP's determination that they are ineligible for consideration for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), a statutory provision allowing the BOP, in its discretion, to reduce "the period a prisoner convicted of a nonviolent offense" remains in custody if the prisoner successfully completes a residential substance abuse treatment program like RDAP. Petitioners were de-

clared ineligible by operation of 28 C.F.R. § 550.58 (1999) and BOP Program Statement 5162.04 (1997)—the amended regulation and internal interpretive guideline governing early release decisions under § 3621(e)(2)(B)—because the nonviolent[1] drug offense for which each was convicted involved the "carrying, possession, or use of a firearm" for which he received a two-point sentence enhancement under federal Sentencing Guidelines § 2D1.1.

As set forth above, Petitioners' denials of eligibility were issued under revised versions of 28 C.F.R. § 550.58 and interpretive Program Statement 5162.04. The revisions were precipitated by a series of appeals court decisions that had invalidated the regulatory scheme originally promulgated by the BOP upon Congress's enactment of § 3621(e)(2)(B) in 1994–95. *See* 62 Fed.Reg. 53690–01, 1997 WL 630755 (October 15, 1997)(announcing revision to Program Statement and amendment to 28 C.F.R. part 550, subpart F in wake of judicial decisions). For our purposes, the relevant decision is *Fristoe v. Thompson*, 144 F.3d 627, 631–32 (10th Cir. 1998), where the Tenth Circuit Court of Appeals determined the BOP's original regulatory scheme—which interpreted the statute's eligibility provision referring to inmates "convicted of nonviolent offense[s]" as excluding any inmate whose "offense is determined to be a crime of violence" (28 C.F.R. § 550.58 (1995)) and then instructed BOP staff to rely on sentencing enhancements to define §§ 841 and 846 drug offenses as "crimes of violence" for purposes of § 550.58 ineligibility (1995 Program Statement 5162.02)—conflicted with the statute's unambiguous eligibility language and therefore exceeded the agency's regulatory authority. *Explained in Martinez v. Flowers*, 164 F.3d 1257, 1260 (10th Cir.1998)(*Fristoe*'s holding is that the BOP exceeds its regulatory authority when it interprets § 3621(e)(2)(B) to exclude inmates who have *not* been "convicted" of a violent of-fense by resorting to sentencing factors or enhancements "to convert a nonviolent offense into a violent one for purposes of § 3621(e)(2)(B)").

■ As amended, 28 C.F.R. § 550.58 no longer relies on sentencing factors to redefine as "violent" the nonviolent drug convictions of inmates who are then declared ineligible for early release consideration. Instead, it simply relies on sentencing factors to declare those same inmates ineligible "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons." *See* 28 C.F.R. § 550.58(a)(1)(vi) & (vi)(B). Several federal district courts, including this one in a published decision by Judge Daniel, have already undertaken substantive reviews of the revised regulation and have concluded § 550.58 as amended does not correct the flaw identified in *Fristoe* and therefore still exceeds the BOP's administrative authority to interpret and implement § 3621(e)(2)(B). *See Hicks v. Brooks*, 28 F.Supp.2d 1268, 1273 (D.Colo.1998)(by continuing to rely on sentencing factors to exclude categorically from § 3621(e)(2)(B) consideration inmates convicted of nonviolent offenses, revised § 550.58 violates unambiguous statutory language of § 3621(e)(2)(B) and exceeds BOP's authority under *Fristoe* ); *accord Ward v. Booker*, 38 F.Supp.2d 1258 1269–70 (D.Kan. 1999)(no significant differences in new revised regulatory scheme from that examined in *Fristoe* ). *See Williams v. Clark*, 52 F.Supp.2d 1145, 1150–51 (C.D.Cal.1999)(Congress's clearly expressed intent in § 3621(e)(2)(B) that inmates "convicted of nonviolent offenses" are eligible for early release consideration has not been amended since [Ninth Circuit's analogy to *Fristoe* ] was decided and BOP may not rely on sentencing factors to conclude that an inmate has "not been convicted of a nonviolent offense"). I agree with the reasoning in these cases

---

1. Section 841(a)(1) violations do not fall within the definition of "violent crimes" set forth at 18 U.S.C. § 924(c)(3) and therefore are generally considered "nonviolent offenses." *See Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir.1998).

and will not undertake what would largely be a redundant *Chevron*[2] analysis here.

■ As revised in 1997, the BOP's interpretive regulation codified at 28 C.F.R. § 550.58 continues to mandate the exclusion from consideration for early release under § 3621(e)(2)(B) of every inmate "convicted of a nonviolent offense" solely by resort to sentencing factors derived from the federal Sentencing Guidelines.[3] "Convicted of" is the operative term regarding eligibility under § 3621(e)(2)(B) and revised 28 C.F.R. § 550.58 conflicts with the express language of the statute. *Compare Martinez*, 164 F.3d at 1260–61 (emphasizing "convicted of" was operative phrase in *Fristoe* and distinguishing *Fristoe* to uphold as reasonable related provision of revised § 550.58(a)(1) excluding from early release consideration inmates who have a "prior felony or misdemeanor *conviction* for homicide, forcible rape, robbery, or aggravated assault ..." even if current conviction is for "nonviolent offense" (emphasis added)). Accordingly, 28 C.F.R. § 550.58(a)(1)(vi)(B) is not entitled to *Chevron* deference.

I agree, moreover, that the revised provision runs afoul of *Fristoe* by declaring a category of statutorily eligible inmates "ineligible" solely on the basis of sentencing factors implicated neither by the nature of the underlying offense nor by the definition of violent crimes set forth at 18 U.S.C. § 924(c)(3). The government has at its disposal a panoply of statutes under which it may charge, try and convict individuals involved in drug trafficking with the use or possession of firearms of "violent crimes" that would properly render them ineligible for early release consideration under § 3621(e)(2)(B). Had the government pursued and obtained such "convictions" with respect to either Petitioner in these cases, no basis for habeas relief would exist. As it stands, Petitioners were not "convicted" of violent crimes and therefore are eligible for early release consideration.

■ I note, however, that the fact Petitioners are *eligible* for consideration for

---

2. Because the Administrative Procedures Act (APA) does not apply to individual BOP decisions under § 3621(e)(2)(B), *see* 18 U.S.C. § 3625, federal courts are without authority to review the merits of individual inmate challenges to BOP early release decisions. *Fristoe*, 144 F.3d at 630–31. Instead, my review on Petitioners' applications is limited to determining whether the manner in which the BOP implements and interprets § 3621(e)(2)(B) through formal regulation or informal policy statements exceeds its administrative authority. If the intent of Congress in a particular statute is "clear," formal interpretive regulations are entitled to so-called *Chevron* deference, meaning they are reviewed to determine whether they conflict with or fail to "give[ ] effect to the unambiguously expressed intent of Congress," and are to be upheld as long as they do not. *Id.,* (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

3. That § 550.58(a)(1)(vi)(B) refers solely to firearms use or possession and does not explicitly use the term "sentencing factors" or "enhancements" to declare inmates ineligible for early release consideration is immaterial. It is clear that sentencing factors and the Sentencing Guidelines form the sole basis for the exclusion. Not only is provision (a)(1)(vi)(B) a wholesale incorporation of the Program Statement 5162.02 sentencing factors language invalidated in *Fristoe*, but the applicable new Program Statement provision still specifically instructs BOP staff to refer to an inmate's sentencing report (SRI) to determine whether he received an "enhancement" under "U.S. Sentencing Guidelines" for purposes of applying the (a)(1)(vi)(B) exclusion. *See* PS 5162.04, 10/09/97 at p. 12 (directing staff to section of inmate's SRI governing enhancements under § 2D1.1 of federal Sentencing Guidelines to determine if inmate was "convicted of ... § 841 [violation] and received a two-level enhancement for possession of a firearm" as basis for declaring inmate ineligible under § 550.58(a)(1)(vi)(B)). The documents submitted by Petitioners in support of their habeas applications show both were denied eligibility for early release consideration solely on the basis of their § 2D1.1 sentence enhancements. *E.g.* 4/13/98 Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility to Woodard, No. 99–K–876, (Ex. F to Govt.'s Mot. Dismiss in Resp. to Order to Show Cause)(handwritten note explaining basis for ineligibility determination "2 pt. enhancement for firearm").

early release under § 3621(e)(2)(B) does not mean they are *entitled* to early release. To the contrary, the language of § 3621(e)(2)(B) clearly grants the BOP broad discretion to grant or deny the one-year sentence reduction to any eligible inmate for any reason, *as long as the BOP "actually exercises" that discretion* and does so neither arbitrarily or capriciously. *See Becerra–Jimenez v. INS,* 829 F.2d 996, 999 (10th Cir.1987)(in immigration context, where Congress vests discretionary authority in Attorney General/INS Director to grant or deny voluntary departure, Director's decision is reviewable "only to examine whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner"). That is precisely the issue here: The BOP abuses the discretion statutorily conferred upon it by § 3621(e)(2)(B) when it refuses to exercise that discretion—here by promulgating a regulation declaring itself unable or unwilling to consider for the discretionary relief conferred by § 3621(e)(2)(B) a category of individuals statutorily entitled to such consideration. Accordingly,

IT IS ORDERED that Respondent is prohibited from refusing to consider Woodard or Rodriguez for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) solely on the basis of his two-point sentence enhancement imposed under § 2D1.1 of the federal Sentencing Guidelines. And, to the extent that either Woodard or Rodriguez has successfully completed a qualifying program of residential substance abuse treatment under § 3621(e)(2), IT IS ORDERED that Respondent immediately consider him for such a reduction.