**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAYWOOD ALEXANDER,

    Petitioner-Appellant,

v.

A. M. FLOWERS,

    Respondent-Appellee.

No. 99-6392
(W. District of Oklahoma)
(D.C. No. CIV-97-512-L)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Haywood Alexander, proceeding *pro se*, appeals the district court's denial of his Petition for Contempt of Court.[1] Additionally, although the district court denied Alexander's motion to proceed in forma pauperis on appeal, Alexander has renewed that request by filing a motion to proceed in forma pauperis with this court.[2] Alexander's motion to proceed in forma pauperis is granted.

Alexander pleaded guilty to one count of conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(1)(1)(A). At sentencing, the court imposed a two-level enhancement pursuant to § 2D1.1 of the United States Sentencing Guidelines because Alexander possessed a dangerous weapon during commission of the drug offenses. The court sentenced Alexander to a term of 168 months' incarceration on each count, to run concurrently.

On April 7, 1997, Alexander filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "habeas petition") with the United States District Court for the Western District of Oklahoma. In the habeas petition,

---

[1]Alexander's petition was amended to include a Petition for Rule to Show Cause.

[2]Although Alexander has also filed an application seeking a certificate of appealability ("COA"), a federal petitioner does not need to obtain a COA to appeal issues relating to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm.*, 115 F.3d 809 n.1 (10th Cir. 1997). Accordingly, Alexander's application for certificate of appealability is dismissed as moot.

Alexander contended that he had completed a residential drug treatment program administered by the Bureau of Prisons ("BOP") and thus, was eligible for a reduction in his term of incarceration pursuant to 18 U.S.C. § 3621(e)(2)(B). Alexander's eligibility for the sentence reduction was contested by Appellant who, relying on the sentence enhancement, claimed Alexander had been convicted of a violent crime and therefore was ineligible.     *See* 18 U.S.C. § 3621(e)(2)(B) (limiting those eligible for the sentence reduction to prisoners "convicted of a nonviolent offense").

Shortly after the magistrate judge issued his Findings and Recommendations but before the district court had ruled on Alexander's habeas petition, this court resolved the sentence-enhancement issue raised by Alexander in his habeas petition.    *See Fristoe v. Thompson*, 144 F.3d 627, 630-632 (10th Cir. 1998) (holding that BOP may not use a sentence enhancement to treat nonviolent offenders as though they had been convicted of a violent offense). The district court remanded the matter to the BOP for a redetermination of Alexander's eligibility in light of    *Fristoe*.

Upon reconsideration of Alexander's eligibility, the BOP determined that, notwithstanding   *Fristoe*, Alexander was not eligible for a sentence reduction because an outstanding detainer, issued against him by the state of Texas, precluded him from participating in the community-based treatment phase of the

residential drug treatment program. The BOP, therefore, again denied Alexander a sentence reduction. Alexander then filed a Petition for Contempt of Court. In his petition, Alexander claimed the BOP's refusal to consider him eligible for a sentence reduction is contrary to the district court's order dated May 28, 1998, wherein the case was remanded to the BOP for further proceedings. Alexander also argued that the outstanding Texas detainer could not be used to deny him eligibility and that the BOP had waived it's right to rely on the detainer to support the denial of his sentence reduction.

The district court denied Alexander's Petition for Contempt of Court. The court stated that its order remanding the matter to the BOP for further proceedings did not foreclose the BOP from denying Alexander the sentence reduction on grounds other than the sentence enhancement. The district court, after concluding that the issue had not been waived, also held that the BOP did not exceed its statutory authority when it relied on the Texas detainer to deny the sentence reduction.

Upon de novo review of Alexander's appellate brief, the district court's orders, and the entire record on appeal, this court **affirms** the denial of Alexander's Petition for Contempt of Court and Petition for Rule to Show Cause for substantially the reasons set forth in the district court's Order dated September 28, 1999.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge