FILED
United States Court of Appeals
Tenth Circuit

February 3, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JON HAROLD ROYAL,

Petitioner - Appellant,

v.

JOSEPH SCIBANA, Warden; FEDERAL
BUREAU OF PRISONS,

Respondents - Appellees.

No. 08-6069
(D. Ct. No. 5:07-CV-00774-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner-Appellant Jon Harold Royal, a federal prisoner proceeding pro se,

appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2241.[1]  He challenges the Bureau of Prison's ("BOP") determination that he is ineligible for early release under 18 U.S.C. § 3621(e)(2)(B).  We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

Mr. Royal is currently serving a thirty-year sentence for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 846.  *See United States v. Royal*, 972 F.2d 643 (5th Cir. 1992).  His sentence includes a two-level enhancement for possession of a firearm during his commission of the offense.[2]  *See* U.S.S.G. § 2D1.1(b)(1).  From 1993 to 1994, while Mr. Royal was incarcerated at the Federal Correctional Institution ("FCI") in Terre Haute, Indiana, he successfully completed the BOP's 500-hour Residential Drug Abuse Treatment Program ("RDAP").  Under 18 U.S.C. § 3621(e), the BOP has discretion to release inmates "convicted of a nonviolent offense" up to one year early upon their successful completion of the RDAP.[3]  18 U.S.C. § 3621(e)(2)(B).  However, § 3621(e) does not define "a nonviolent offense," nor does it establish any additional criteria for determining an inmate's eligibility for a

---

[1]Because Mr. Royal is a federal prisoner proceeding under § 2241, a certificate of appealability is not a prerequisite to an appeal.  *See* 28 U.S.C. § 2253(c); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[2]This fact is not clear from the record but is apparent from the parties' argument.

[3]Subsection § 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

reduced sentence.

To implement § 3621(e)(2)(B), the BOP published a regulation in June 1995. The regulation provided, in relevant part, that:

> An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, . . . unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. [§] 924(c)(3).[4]

28 C.F.R. § 550.58. In July 1995, the BOP issued a Program Statement to explain its interpretation of the term "crime of violence." Bureau of Prisons Program Statement No. 5162.02 (July 24, 1995). The Program Statement identified 21 U.S.C. § 841(a)(1) as an offense constituting a "crime of violence" if the offender received a two-level sentence enhancement under U.S.S.G. § 2D1.1 for possessing a deadly weapon during the commission of the offense. *Id.* § 9. Prison officials therefore determined Mr. Royal had committed a "crime of violence" and was ineligible for early release consideration, even though he had completed the RDAP.

Following the publication of Program Statement 5162.02, federal courts of appeals divided over the validity of the BOP's definition of "crime of violence" to include drug offenses involving a sentence enhancement for possession of a deadly weapon. *See, e.g.*, *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998); *Byrd v. Hasty*, 142 F.3d 1395,

---

[4]Under § 924(c)(3), "the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

1398 (11th Cir. 1998); *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). We held that the BOP had exceeded its statutory authority and was required to ignore sentencing factors in determining whether the offender had been convicted of a "nonviolent offense" under § 3621(e)(2)(B). *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998). Conversely and relevant to Mr. Royal's appeal, the Fifth Circuit held that the BOP did not exceed its statutory authority and upheld the BOP's definition of "crime of violence" to include a sentence enhancement for possession of a firearm. *See Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997).

In 2001, Mr. Royal was transferred to the FCI in El Reno, Oklahoma ("FCI-El Reno"). Pursuant to Mr. Royal's request for a review of his early release status, BOP staff advised him that "due to the *Fristoe v. Thompson* case in the [T]enth [C]ircuit," he would "be provisionally eligible for early release." The staff also advised that his provisional eligibility could change if he were transferred out of the Tenth Circuit. Mr. Royal acknowledged in writing that he understood his "early release . . . is always provisional and may change." He claims that the BOP thereafter reduced his "probable release date" by one year and registered the new date of "probable release" in its electronic records.

In 2007 the BOP notified Mr. Royal that he would be transferred to an FCI in Beaumont, Texas ("FCI-Beaumont Low"). He was also advised that he would lose his provisional eligibility for early release because he was being transferred out of an FCI in the Tenth Circuit and into one in the Fifth Circuit. He filed this § 2241 petition in the

United States District Court for the Western District of Oklahoma shortly before he arrived at FCI-Beaumont Low. Thereafter, BOP staff deemed him ineligible for early release pursuant to § 3621(e). The magistrate judge recommended that Mr. Royal's § 2241 petition be denied and the district court subsequently adopted the recommendation.[5]

## II.  DISCUSSION

In habeas proceedings under § 2241, we review legal questions de novo and factual findings for clear error. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). We have held that a prisoner does not possess a constitutional right to a reduction of a valid sentence, and that § 3621(e)(2)(B) does not confer upon a prisoner a constitutionally-protected liberty interest. *See Fristoe*, 144 F.3d at 630. Subsection 3621(e)(2)(B) states only that a prisoner's sentence "*may* be reduced by the Bureau of Prisons." (emphasis added). Once a prisoner completes the RDAP, the BOP "has the authority, but not the duty, . . . to reduce [the prisoner's] term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

Mr. Royal does not challenge the BOP's authority to deem him ineligible for early release nor claim that his current sentence is invalid. Instead, he asserts that once the BOP notified him of the provisional early release date, he acquired a constitutionally

---

[5]As the district court noted, "[i]t is well established that jurisdiction attaches on the initial filing of a habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

protected liberty interest in that "award" because it had "vested." He argues that the BOP denied him due process in denying him early release without first affording him due process. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("A due process claim . . . can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."). We disagree. Just as a prisoner does not possess a constitutional right to a reduction of a valid sentence, *Fristoe*, 144 F.3d at 630, a prisoner does not possess a constitutional right to retain *provisional* eligibility for the reduction of a valid sentence. Moreover, Mr. Royal fails to explain why any "award" he received had "vested." The BOP notified Mr. Royal in writing that he was provisionally eligible for—but not entitled to—an early release. It also notified him that the status of his provisional eligibility could change if he were transferred to a prison facility outside the Tenth Circuit. In response, he signed a statement affirming his understanding that "early release is always provisional . . . and may change."[6] Mr. Royal has failed to demonstrate that he nonetheless suffered a violation of a constitutionally-protected interest. His procedural due process claim thus fails.

Mr. Royal also argues that once the BOP grants a provisional release date to someone convicted of a nonviolent offense and who received a sentence enhancement for being in possession of a firearm, the equal protection clause requires every BOP facility

---

[6]Although Mr. Royal claims the BOP staff promised that his sentence would be reduced by one year if he successfully completed the RDAP, he has presented no evidence to support his claim. Moreover, his claim is itself contravened by Mr. Royal's signature affirming he understood the provisional nature of his eligibility for early release.

to grant a provisional early release to all similarly situated inmates. Again, we disagree. The BOP determined that Mr. Royal was provisionally eligible for early release because of our holding in *Fristoe*. That holding prevented BOP facilities within the Tenth Circuit from, inter alia, categorically denying a prisoner eligibility for early release under § 3621(e) based on the prisoner's enhanced sentence under U.S.S.G. § 2D1.1. We also observed in *Fristoe* that "the BOP is not compelled by equal protection principles to acquiesce nationwide in [one] [c]ircuit's decision." 144 F.3d at 630. "It is elementary that decisions of one Court of Appeals cannot bind another." *Id.* (quotations omitted). Consequently, Mr. Royal's equal protection claim fails.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM. Mr. Royal's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge
