**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AARON I. JORDAN,

      Plaintiff-Appellant,

v.

S. FULLER, Programs Coordinator;
ADAMS COUNTY, Official capacity,

      Defendants-Appellees.

No. 12-1251
(D.C. No. 1:10-CV-02176-REB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Aaron I. Jordan, proceeding pro se, appeals from the district court's grant of

summary judgment in favor of defendants on his civil rights claims under 42 U.S.C.

§ 1983.  Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jordan was an inmate at the Adams County Detention Facility ("ACDF") from September 2009 through November 2009. While incarcerated at ACDF, he made several requests to be placed on a non-meat diet, claiming it was for religious and medical reasons. He first sought assistance from the ACDF medical staff, stating that he could not eat meat for allergic reasons. The medical staff denied the request finding no medical necessity for a non-meat diet. Jordan then directed his requests to Sterritt Fuller, the Programs Coordinator at ACDF. To evaluate Jordan's request, Fuller requested certain information regarding Jordan's religious affiliation and practice. Jordan responded claiming to be affiliated with a religion known as the Ever Increasing Faith and stated that his leader is Jesus Christ. Fuller denied the request concluding that based on the information provided, there was no indication that Jordan's religion called for a non-meat diet. Fuller also noted that dietary considerations for Christians were not noted in the Department of Corrections' guidelines. Jordan again requested a non-meat diet, citing biblical scriptures, but Fuller similarly denied the request.

Jordan filed suit in federal district court against Adams County and Fuller, and in an amended complaint alleged that defendants violated his rights to due process and equal protection under the Fourteenth Amendment, free exercise of religion under the First Amendment, and his rights against cruel and unusual punishment under the Eighth Amendment. All claims related to defendants' failure to provide a non-meat diet. Defendants moved for summary judgment under Fed. R. Civ. P. 56 on

all claims. The district court referred defendants' motion to a magistrate judge who issued a report and recommendation that summary judgment be granted on all claims.

Although unclear from the complaint, the magistrate judge construed Jordan's claims against defendants as both an official-capacity and personal-capacity suit. Because Jordan did not provide any evidence that a governmental custom or policy was responsible for the deprivation of Jordan's constitutional rights, the magistrate judge concluded that to the extent Jordan was suing defendants in an official capacity, the claims failed. The magistrate judge further concluded that claims against Fuller in his personal-capacity failed as well.

Regarding the due process claim, Jordan was required to first establish that defendants' actions deprived him of a protectable liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (noting that due process claim requires assertion of the infringement of a protected liberty interest that may arise from the Due Process Clause or from state or federal law). Although he alleged in his complaint that his personal security had been violated when he was forced to trade food with other inmates and that personal security is a "historic liberty interest," the magistrate judge disagreed. Finding no liberty interest arising from the Due Process Clause itself, the magistrate judge concluded that the deprivation of a type of diet for a brief period of time, including a religious diet, also did not implicate a state-created liberty interest because such a condition did not constitute

an "atypical and significant hardship," *see Sandin v. Conner*, 515 U.S. 472, 484 (1995) (laying out test for determining liberty interests in a prison setting).

Analyzing the equal protection claim under a "class-of-one theory," as Jordan alleged in his complaint, the magistrate judge concluded that the denial of a vegetarian diet did not violate Jordan's equal protection rights. The magistrate judge reasoned that Jordan presented no evidence that he was intentionally treated differently from similarly situated inmates, *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), or that the denial of his requested diet was due to defendants' animosity towards him, *see Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001) (noting that class-of-one equal protection claim requires showing that plaintiff was singled out for persecution due to animosity on the part of government officials), *overruled on other grounds by Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213 (10th Cir. 2008).

The magistrate judge also recommended dismissal of Jordan's remaining claims. The Eighth Amendment requires prison officials to maintain "humane conditions of confinement" including ensuring that inmates receive adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To demonstrate a violation of this requirement, Jordan was required to show that the conditions of confinement posed a "substantial risk of serious harm" and that defendants acted with "deliberate indifference" to the risk. *Id*. at 834. The magistrate judge concluded Jordan failed to show either requirement.

Finally, regarding the First Amendment claim, the magistrate judge concluded that the evidence demonstrated that Jordan did not practice any particular religion or attend a particular church holding vegetarianism as a church tenet. And importantly, the magistrate judge noted that Jordan admitted that a vegetarian diet is a personal choice. Accordingly, the magistrate judge concluded defendants did not violate Jordan's right to free exercise of religion. The district court adopted the report and recommendation of the magistrate judge and entered judgment in favor of defendants.

Defendants submit, and we agree, that on appeal Jordan does not specifically claim any error in the district court's grant of summary judgment on all claims. Instead, Jordan makes general, conclusory allegations that his constitutional rights were violated but does so without providing sufficient argument or any citation to the record. And while he does provide some citation to caselaw, his arguments in support of his claims nevertheless fail to adequately frame and develop the issues. *See Murrell v. Shalala*, 43 F.3d 1388, 1389-90 n.2 (10th Cir. 1994) (noting that perfunctory allegations of error that fail to frame and develop an issue are insufficient to invoke appellate review). The remainder of Jordan's appellate briefing is no better. He concludes his brief by offering this court a "viewing of his thinking process through personal scruples learned," Aplt. Br. at 8, but it is nothing more than nonsensical discussions that are wholly irrelevant to his case.

We are mindful that Jordan is proceeding pro se and, therefore, his pleadings are to be construed liberally, but we have "repeatedly insisted that pro se parties

follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). It is therefore improper for this court to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. But even examining the pleadings, after reviewing Jordan's appellate briefing and the record de novo, we agree with the analysis of the magistrate judge, adopted by the district court, and conclude that Jordan failed to assert any well-defined constitutional violation.

The judgment of the district court is affirmed. Jordan's motion to proceed on appeal without prepayment of costs or fees is denied. Jordan is reminded that the unpaid balance of the filing fee is due immediately. Jordan's motion for a "Plea for Judgment" is denied as moot.

Entered for the Court

Stephen H. Anderson
Circuit Judge